# NO. 25-50886

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

ALEXIS TOVAR, INDIVIDUALLY
AND AS NEXT FRIEND OF D.P., A MINOR;
PHILLIP REYES, AS NEXT FRIEND OF A.R.
AND J.R., MINORS,

Plaintiffs – Appellants

V.

CITY OF SAN ANTONIO;
ELEAZAR ALEJANDRO,
SAN ANTONIO POLICE OFFICER;
ALFRED FLORES,
SAN ANTONIO POLICE OFFICER,

Defendants – Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION
5:23-CV-847-FB

## BRIEF OF APPELLEE, THE CITY OF SAN ANTONIO

**LANGLEY BANACK, INC.**
Trinity Plaza II
745 E. Mulberry, Suite 500

San Antonio, Texas 78212
LAURA FLORES MACOM
SBN: 24002512
Telephone: 210-736-6600
Email: lmacom@langleybanack.com

**CITY OF SAN ANTONIO**
Office of the City Attorney
Litigation Division
International Center
203 S. St. Mary's St., 2nd Floor
San Antonio, Texas 78205
ELIZABETH GUERRERO-SOUTHARD
Assistant City Attorney
SBN: 24032376
Telephone: 210-207-2108
Email:
Elizabeth.Guerrero-Southard@sanantonio.gov

**FITZPATRICK & KOSANOVICH, P.C.**
P.O. Box 831121
San Antonio, TX 78238-1121
MARK KOSANOVICH
SBN: 00788754
Telephone: 210-207-7259
Email: mk@fitzkoslaw.com

**ATTORNEYS FOR APPELLEE,
THE CITY OF SAN ANTONIO**

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| PLAINTIFFS-APPELLANTS: | COUNSEL FOR APPELLANTS: |
| --- | --- |
| Alexis Tovar<br>Phillip Reyes | THE PACKARD LAW FIRM<br>Daniel W. Packard |

| DEFENDANT-APPELLEES: | COUNSEL FOR APPELLEES: |
| --- | --- |
| City of San Antonio | LANGLEY BANACK, INC.<br>Laura Flores Macom<br><br>CITY ATTORNEY'S OFFICE<br>Elizabeth Guerrero-Southard<br><br>FITZPATRICK & KOSANOVICH, P.C.<br>Mark Kosanovich<br><br> |
| Eleazar Alejandro<br>Alfred Flores | WRIGHT & GREENHLL, PC<br>Stephen B. Barron<br>Blair J. Leake |

/s/*Laura Flores Macom*
Attorney of Record for Appellee,
The City of San Antonio

i

## STATEMENT REGARDING ORAL ARGUMENT

This is not a particularly complicated appeal in terms of the law that applies to the district court's ruling for the claims brought against Appellee, the City of San Antonio. In fact, there is no dispute amongst the parties and the applicable law is well-settled. Therefore, Appellee does not believe oral argument is necessary regarding this portion of the appeal. FED.R.APP.P. 38.

# **TABLE OF CONTENTS**

**Page**

CERTIFICATE OF INTERESTED PERSONS ........................................................ i

STATEMENT REGARDING ORAL ARGUMENT ............................................... ii

TABLE OF CONTENTS .................................................................................... iii

TABLE OF AUTHORITIES ............................................................................... iv

BRIEF OF APPELLEE ........................................................................................1

I. JURISDICTIONAL STATEMENT ...................................................................1

II.  STATEMENT OF THE CASE ......................................................................1

III. SUMMARY OF THE ARGUMENT ..............................................................5

IV. ARGUMENT ................................................................................................5

    A.  Standard of Review ..................................................................................5

    B.  The District Court correctly dismissed the *Monell* claims against the City because no constitutional violation was found. ............................................6

CONCLUSION ....................................................................................................7

CERTIFICATE OF COMPLIANCE ....................................................................9

CERTIFICATE OF SERVICE ...........................................................................10

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243 (5th Cir. 2017)............6

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)..............................................................6

*Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys,* 675 F.3d 849 (5th Cir.2012) .........................................................................................................7

*Gonzalez v. Blue Cross Blue Shield Ass'n*, 62 F.4th 891 (5th Cir. 2023).................6

*Hicks-Fields v. Harris Cnty., Tex.,* 860 F.3d 803 (5th Cir. 2017)...........................4

*Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*, 10 F.4th 422 (5th Cir. 2021) ......6

*Plotkin v. IP Axess Inc.*, 407 F.3d 690 (5th Cir. 2005)............................................6

*Whitley v. Hanna,* 726 F.3d 631 (5th Cir.2013), *cert denied,* —— U.S. ——, 134 S.Ct. 1935, 188 L.Ed.2d 960 (2014).................................................................7

**Statutes**

28 U.S.C. § 1291 ......................................................................................................2

42 U.S.C. §1983 .......................................................................................................2

**Rules**

5th Circuit Rule 28.2 .................................................................................................. i

Fed. R. App. P. 27(d)(2)(A) ....................................................................................10

Fed. R. App. P. 28(b) ...............................................................................................v

Fed. R. App. P. 32(a)(5)...........................................................................................10

Fed. R. App. P. 32(a)(6)...........................................................................................10

Fed. R. App. P. 32(f)................................................................................................10

FED.R.APP.P. 38 ....................................................................................................... ii

Rule 28 .....................................................................................................................v

## BRIEF OF APPELLEE

TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT:

NOW COMES THE CITY OF SAN ANTONIO, Appellee, and files this Brief of Appellee pursuant to and in accordance with Rule 28(b), Federal Rules of Appellate Procedure and of this Honorable Court's Rule 28; and for cause would respectfully show this Honorable Court as follows:

Appellee the City of San Antonio ("the City") respectfully requests that this Court affirm the District Court's September 28, 2025 Order which grants the City's Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), ROA.782-784, and renders judgment for the City. ROA.785.

## I.
## JURISDICTIONAL STATEMENT

This Court has jurisdiction for this appeal under 28 U.S.C. § 1291, which grants "jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291.

## II.
## STATEMENT OF THE CASE

This case is a 42 U.S.C. §1983 action arising from the fatal shooting of Melissa Perez by San Antonio Police Sergeant Alfred Flores and Officer Eleazar

1

Alejandro ("the Appellee Officers") following a 911 call about Ms. Perez cutting wires to an apartment complex fire alarm system. ROA.500. When officers commanded Perez to stop, however, she ran into her apartment and refused to come out. *Id.* Afterwards, she broke a window in the apartment, threw a candle at an officer, and then grabbed a hammer. ROA.502. Officers opened fire, killing Perez. ROA.503-504.

Appellant Tovar, the surviving daughter of Perez and representative of Perez's estate as well as next friend of D.P., a minor, and Appellant Reyes as next friend of A.R. and J.R., minors, sued the City of San Antonio alleging a violation of Ms. Perez's Fourth Amendment rights pursuant to 42 U.S.C. §1983. ROA.43-44.

Appellants filed an Amended Complaint on July 25, 2023. ROA.63-109. The City filed its Answer denying liability, raising sovereign immunity defenses, and asserting failure to state a claim upon which relief can be granted. ROA.129-140. In response to the amended pleading, the Appellee Officers filed a Motion to Dismiss asserting qualified immunity. ROA.141-155.

Pursuant to an order by the district court, Appellants filed a Second Amended Complaint on March 8, 2024. ROA.338-373. The City filed an Amended Answer on March 25, 2024, asserting *inter alia* failure to state a claim upon which relief can be granted. ROA.374-385.

On July 11, 2024, Magistrate Judge Henry Bemporad issued a Report and Recommendation to grant the Appellee Officers' Motion to Dismiss based on qualified immunity. ROA.386-403. Appellants and the Appellee Officers each filed Objections to the Report and Recommendation, with subsequent Responses and a Reply by the Appellee Officers. ROA.411-430 [Appellants' Objection]; ROA.431-443 [The Appellee Officers' Objections]; ROA.468-476 [Appellant's Response]; ROA.458-467 [The Appellee Officers' Response]; ROA.481-488 [The Appellee Officers' Reply]. On September 23, 2024, the district court issued an Order Accepting the Report and Recommendation, and granting the Appellee Officers' Motion to Dismiss but further ordering "[Appellants] may file an amended complaint to allege plausible facts necessary to overcome qualified immunity." ROA.493-495; ROA.8.

Accordingly, Appellants filed a Third Amended Complaint on December 13, 2024. ROA.498-548. The claim against the City remained the same. Therefore, the City filed a Motion for a Partial Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ROA. 549-568. Appellants responded. ROA.634-660. The City filed a Reply on February 3, 2025. ROA.682-694. The Appellee Officers filed a Second Motion to Dismiss, on qualified immunity grounds. ROA.603-626. Appellants responded. ROA. 661-681. The Appellee Officers replied on February 11, 2025. ROA.720-736.

3

The Magistrate issued his Report and Recommendation on May 28, 2025. ROA.737-757. The Report correctly stated that, "[J]ust as a plausibly-pleaded constitutional violation is essential to overcome qualified immunity, it is likewise essential to Plaintiffs' *Monell* claim against the City." ROA.747 (citing *Hicks-Fields v. Harris Cnty., Tex.,* 860 F.3d 803, 808 (5th Cir. 2017)). The Report thus explored the question of whether Appellants had plausibly alleged a Fourth Amendment violation. ROA.748-752. It concluded, "[T]he Court should find no constitutional violation by the Defendant Officers in this case." ROA.752.

The Report then reviewed the question of whether Appellants could overcome the "clearly established" prong of the Appellee Officers' qualified immunity defense. *Id.* The Report recommends, "In sum even if the Court finds that [the Appellee Officers] violated the Fourth Amendment in using lethal force, Plaintiffs have failed to show that the applicable constitutional rule was 'clearly established,' so as to overcome the qualified immunity defense." ROA.755. The Report also expressly excluded the "obvious" exception to the "clearly established" prong of the qualified immunity analysis which Appellants had raised. ROA.755.n.18.

Finally, the Report addressed the *Monell* liability for the City by pointing out, "A finding that no constitutional violation occurred also resolves the *Monell* claim against the City. '[E]very *Monell* claim requires an underlying constitutional violation.' " ROA.755 (citing *Hicks-Felds*, 860 F.3d at 808). Because Appellants

4

had only brought one constitutional violation claim – for excessive force – the Report recommended that if that case was dismissed for the failure to plausibly plead a constitutional violation, then the *Monell* claim against the City should also be dismissed. ROA.756.

The City did not object. The district court adopted the Report and Recommendation on September 28, 2025. ROA.782-784. Judgment was entered on the same date and this appeal followed. ROA.785; ROA.786-812.

## III.
## SUMMARY OF THE ARGUMENT

The district court correctly ruled that, without an underlying constitutional violation, the *Monell* claim against the City fails. Thus, should this Court affirm the district court's ruling in favor of the Appellee Officers that no constitutional violation has been shown, this Court should affirm both the district court's ruling and judgment in the City's favor and against Appellants.

Notably, Appellants agree that, should this Court affirm the granting of the Appellee Officers' motion, their claim against the City must also fail.

## IV.
## ARGUMENT

### A. Standard of Review

This Court applies a de novo review to the district court's grant of a Rule 12(b)(6) motion to dismiss, drawing all reasonable inferences in Appellants' favor

5

and accepting as true all well-pleaded facts. *See Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 249 (5th Cir. 2017); *Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*, 10 F.4th 422, 426 (5th Cir. 2021). "To survive a motion to dismiss, a complaint must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Jim S. Adler, P.C.*, 10 F.4th at 426 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Therefore, this Court is not required to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citation omitted). This Court may affirm the district court's dismissal on any ground the record supports. *Gonzalez v. Blue Cross Blue Shield Ass'n*, 62 F.4th 891, 898 (5th Cir. 2023) (citation omitted).

### B. The District Court correctly dismissed the *Monell* claims against the City because no constitutional violation was found.

It is well-settled that a *Monell* claim requires an underlying constitutional violation. *Hicks-Fields*, 860 F.3d at 808 (citations and internal marks omitted). Appellants' excessive-force claim against the Appellee Officers is the only constitutional violation which has been alleged. Thus, if this Court affirms the district court's order dismissing the underlying constitutional claim against the Appellee Officers, the Court must also affirm the dismissal of Appellants' *Monell* claim against the City. *See Whitley v. Hanna,* 726 F.3d 631, 648 (5th Cir.2013), *cert denied,* —— U.S. ——, 134 S.Ct. 1935, 188 L.Ed.2d 960 (2014) ("[I]nadequate

supervision, failure to train, and policy, practice or custom claims fail without an underlying constitutional violation."); *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys,* 675 F.3d 849, 866–67 (5th Cir.2012).

## CONCLUSION

Because it is well-settled that a *Monell* claim requires an underlying constitutional violation, and the district court found no constitutional violation against the Appellee Officers, the district court correctly dismissed the claims against the City. *Hicks-Fields*, 860 F.3d at 808. Thus, should this Court affirm the district court's ruling in favor of the Appellee Officers, it should also affirm the district court's ruling in the City's favor.

Respectfully submitted,

BY: ___*/s/ Laura Flores Macom*_____

**LANGLEY BANACK, INC.**
Trinity Plaza II
745 E. Mulberry, Suite 500
San Antonio, Texas 78212
LAURA FLORES MACOM
SBN: 24002512
Telephone: 210-736-6600
Email: lmacom@langleybanack.com

**CITY OF SAN ANTONIO**
Office of the City Attorney
Litigation Division
International Center
203 S. St. Mary's St., 2nd Floor
San Antonio, Texas 78205

7

ELIZABETH GUERRERO-SOUTHARD
Assistant City Attorney
SBN: 24032376
Telephone: 210-207-2108
Email:
Elizabeth.Guerrero-Southard@sanantonio.gov

**FITZPATRICK & KOSANOVICH, P.C.**
P.O. Box 831121
San Antonio, TX 78238-1121
MARK KOSANOVICH
SBN: 00788754
Telephone: 210-207-7259
Email: mk@fitzkoslaw.com

**ATTORNEYS FOR APPELLEE,
THE CITY OF SAN ANTONIO**

8

## <u>CERTIFICATE OF COMPLIANCE</u>

1. This motion complies with the word limit of FED. R. APP. P. 27(d)(2)(A) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f).

   <u>X</u>   this brief contains __**1344**__ words, or

   ___   this brief uses a monospaced typeface and contains _____ lines of text.

2. This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because:

   <u>X</u>   this brief has been prepared in a proportionally spaced typeface using **Microsoft® Word for Microsoft 365, 64-bit** in **14-point**, **Times New Roman font**, or

   ___   this brief has been prepared in a monospaced typeface using [state name and version of word processing program] with [state number of characters per inch and name of type style].

*/s/ Laura Flores Macom*
Laura Flores Macom

Date: February 12, 2026

9

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the above and foregoing instrument has been properly delivered pursuant to CM/ECF, on the **12**th day of **February 2026**, to the following counsel of record:

Daniel W. Packard
THE PACKARD LAW FIRM
100 NW Loop 410, Suite 104
San Antonio, Texas 78213
*Attorney for Appellants*

Stephen Barron
WRIGHT & GREENHILL, PC
4700 Mueller Blvd, Suite 200
Austin, Texas 78723
*Attorney for Appellee Officers*

*/s/ Laura Flores Macom*
Laura Flores Macom